UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

COMPULIFE SOFTWARE, INC.

    Plaintiff,

v.

ONE RESOURCE GROUP CORPORATION
and AMERICAN WEB DESIGNERS LTD.,

    Defendants.

## VERIFIED COMPLAINT
(INJUNCTIVE RELIEF DEMANDED)

    Plaintiff, COMPULIFE SOFTWARE, INC., a Delaware corporation, by and through its undersigned counsel, hereby brings this Verified Complaint against Defendants, ONE RESOURCE GROUP CORPORATION and AMERICAN WEB DESIGNERS LTD., for damages and injunctive relief, and in support thereof states as follows:

### JURISDICTION AND VENUE

    1.    This is an action arising under the Economic Espionage Act of 1996 as amended by the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b); the Copyright Act, 17 U.S.C. § 501; the Lanham Trademark Act, 15 U.S.C. § 1125(a); the Florida Statutes, and Florida common law.

    2.    This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

    3.    Defendants are subject to specific personal jurisdiction in Florida under Florida's long-arm statute, Fla. Stat. § 48.193 because defendants personally or through an agent

committed tortious acts within Florida and the defendants' contacts with Florida are sufficient to satisfy the Due Process Clause so that maintenance of this suit against the defendants does not offend traditional notions of fair play and substantial justice. Alternatively, defendants are subject to general jurisdiction in Florida because defendants are engaged in substantial and not isolated activity within Florida, whether such activity is wholly interstate, intrastate, or otherwise, and the claims herein arise from that activity, or defendants maintain continuous and systematic contacts with Florida irrespective of the claim asserted herein.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## THE PLAINTIFF

5.  Plaintiff COMPULIFE SOFTWARE, INC. ("Compulife") brings this action for violations of Compulife's exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy, display, make available, use, distribute and make derivative works of Compulife's original copyrighted software; pursuant to 15 U.S.C. § 1125(a) for unfair competition and false advertising; in violation 18 U.S.C. § 1836(b) and Chapter 688, Florida Statutes, for theft of trade secrets; for violation of the Florida Computer Abuse and Data Recovery Act, Section 668.803, Florida Statutes; for violation of Florida's Deceptive and Unfair Trade Practices Act; and for unfair competition violation of the Florida common law.

6.  Compulife is a Delaware corporation with its principal place of business in Harrodsburg, Kentucky.

7. Compulife has over 25 years of experience in the term life insurance software market. Compulife is the creator of the Compulife Quotation System, a life insurance comparison software program. Compulife is not in the business of selling life insurance. Compulife does not compete with insurance agents to sell life insurance. As a result, Compulife is able to provide its customers the most objective and unbiased term life insurance rate comparison software available in the marketplace.

8. Compulife licenses its software in several different ways. Compulife licenses a version of its software that operates on a personal computer that can be used to provide quotes to an individual agent. Compulife also licenses a version of its software called the Compulife Internet Engine that runs on a server that can provide quotes to multiple visitors to the Compulife customer's website, typically consumers if the customer retails life insurance to the public, or multiple agents if the customer is acting as a distributor of life insurance products. Compulife also operates a service on the internet at www.term4sale.com that allows visitors to obtain quotes for insurance and receive referrals to agents who pay Compulife for this service in a fashion similar to Yellow Pages listings.

9. Compulife constantly updates its software. When a change takes place in the term life insurance market, affecting the companies and products which Compulife's software quotes, Compulife responds very quickly to make the appropriate product and/or rate changes to its software. Those changes are posted to Compulife's website at www.term4sale.com and posted to Compulife's websites permitting customers to download the changes and update their software to the latest version.

10. Compulife's software includes a database concerning the term life insurance market including information such as term life products, term life rates, and associated data.

Compulife database was organized by Compulife in an original and unique fashion.  The data included in the Compulife database was carefully selected and chosen.  Compulife coordinated, classified, categorized, ordered and grouped the data in the Compulife database in new and creative ways, arranged the data within the database as a whole in original and unique ways, and created certain of the data that appears within the database in original and unique ways.

11. Compulife's software is protected by copyright and is the property of Compulife.

12. Compulife's software is a highly valuable asset of Compulife.

13. Compulife has registered Compulife's software with the Copyright Office and has obtained the following registrations:

| Reg. Number | Reg. Date | Title | Year Completed |
| --- | --- | --- | --- |
| TX 8-106-360 | 05/29/15 | 2001 HTML Source Code | 2001 |
| TX 8-106-364 | 05/29/15 | 2010 HTML Source Code | 2010 |
| Txu 1-962-793 | 05/29/15 | Main Source Code 2001 | 2001 |
| Txu 1-962-792 | 05/29/15 | Main Source Code 2010 | 2010 |

Compulife's software and database that are the subject of the registrations listed above will be referred to herein as the "Compulife Software."

14. The Compulife Software, and the compilation of digital information contained within the Compulife Software concerning the term life insurance market, term life products, and term life rates, is a compilation and program that

    a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

4

    b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

15. The compilation of digital information contained within the Compulife Software database concerning the term life insurance market, term life products, and term life rates is a trade secret of Compulife.

16. The Compulife Software is licensed to users pursuant to a license agreement. At all relevant times, the license agreement that accompanied the Compulife Software provided, among other things, that:

    a) the Compulife Software constitutes Compulife's valuable trade secrets and contains confidential and trade secret material;

    b) the user will not duplicate the Compulife Software except for back-up purposes;

    c) the user will not reverse compile or reverse engineer the Compulife Software;

    d) that the user will not provide internet web quoting service to sub-users without Compulife's permission;

    e) that the Compulife Software displays life insurance quotations on the internet through a proprietary system of template files originally created by Compulife, and that the user will not permit sub-users to re-format a quotation on another computer;

    f) that the Compulife Software includes names of variables and lists of variables which are proprietary to Compulife and subject to Compulife's copyright; and

    g) that the user's license for Compulife Software is not transferable without the written consent of Compulife.

17. Compulife has invested substantial time, effort, and financial resources creating the Compulife Software and promoting the Compulife Software in interstate commerce to life insurance agents and brokers.

18. The industry recognizes that Compulife provides high quality, accurate and comprehensive term life insurance rate comparison software, and insurance agents and brokers associate the Compulife Software with Compulife.

### THE DEFENDANTS

19. Defendant ONE RESOURCE GROUP CORPORATION ("ORG") is an Indiana corporation formed under the laws of the State of Indiana that can be served with process through its registered agent Robert L. Nicholson, 301 West Jefferson Boulevard, Suite 200, Fort Wayne, IN 46802, and licensed by the Florida Department of Financial Services as an insurance agency to conduct insurance related business in the State of Florida, License No. L046743.

20. ORG's Agent in Charge is Todd Stewart, Florida License No. W097336.

21. Defendant AMERICAN WEB DESIGNERS LTD. ("AWD") is an Ohio limited liability company formed in 2010 that can be served with process through its registered agent Charles Gruenspan, Esq., 23230 Chagrin Boulevard, Suite 605, Cleveland, OH 44122.

22. AWD is licensed by the Florida Department of Financial Services to conduct insurance related business in the State of Florida, License No. L085375.

23. AWD's Agent in Charge is BINYOMIN RUTSTEIN.

24. BINYOMIN RUTSTEIN is licensed by the Florida Department of Financial Services as a Florida resident insurance agent, Lic. No. W027873, to sell life insurance including annuities and variable health insurance in the state of Florida.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

25. AWD is owned and operated by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, and AARON LEVY.

26. DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY are defendants in *Compulife Software, Inc. v. Moses Newman, Aaron Levy, David Rutstein, and Binyomin Rutstein,* Case No. 9:16-cv-81942.

27. DAVID RUTSTEIN and BINYOMIN RUTSTEIN are defendants in Compulife Software, Inc. v. Binyomin Rutstein a/k/a Ben Rutstein, and John Does 1 to 10, Case No. 1:16-cv-21847.

28. DAVID RUTSTEIN has aliases including DAVID GORDON.

29. At one time DAVID RUTSTEIN had insurance licenses in 40 different states. Beginning in 2010 insurance regulators began to terminate and/or stop renewing DAVID RUTSTEIN's insurance licenses because he was found to be selling and assisting in the distribution of fraudulent health insurance policies to consumers.

30. On April 19, 2012, in the *Matter of David Brian Rutstein*, Case No. 115256-11-AG, a Consent Order was entered revoking the license to sell insurance previously issued to DAVID RUTSTEIN, and DAVID RUTSTEIN was immediately and permanently removed and permanently barred from any and all direct or indirect participation in and/or affiliation with, any entity which is licensed or regulated under the Florida Insurance Code, and any individual or entity which is otherwise involved in the business or transaction of insurance.

31. By December 1, 2010, DAVID RUTSTEIN stopped referring to himself online at www.naaip.org by that name, and began to call himself "Bob Gordon," and then in 2012 he changed his name again, this time to "David Gordon."

**NATIONAL ASSOCIATION OF ACCREDITED INSURANCE PROFESSIONALS (NAAIP)**

32. The "National Association of Accredited Insurance Professionals" or "NAAIP" is a website on the internet located at the domain name www.naaip.org. NAAIP is not a real entity. It is not incorporated anywhere. NAAIP is not a charity, not-for-profit, or trade association. The NAAIP does not issue credentials or accreditation.

33. NAAIP was founded in 2010 by DAVID RUTSTEIN.

34. When www.naaip.org domain name is registered with domain registrar GoDaddy.com, LLC ("GoDaddy"). The domain name is currently registered in the name of AARON LEVY.

35. According to www.naaip.org, the business of NAAIP is creating "free" websites for life insurance agents. The key benefit offered by a "free" NAAIP website is access to NAAIP's "Life Insurance Quote Engine." The "Life Insurance Quote Engine" allows internet visitors to a free NAAIP website to enter certain basic information about their age, insurance rating and type of policy, as well as name telephone number and email address, and the NAAIP "Life Insurance Quote Engine" will provide a list of quotes for term life insurance policies that are available.

36. The "Life Insurance Quote Engine" on all NAAIP websites is an unauthorized copy of the Compulife Software that infringes on Compulife's copyrights in the Compulife Software.

37. The "Life Insurance Quote Engine" on all NAAIP websites contains Compulife's trade secrets compilation of information concerning the term life insurance market, term life products, and term life rates.

8

38. If a visitor to an NAAIP website purchases an insurance policy through the life insurance agent whose free NAAIP website was used to generate the insurance quotes, then NAAIP arranges for the placement of the insurance policy through ORG.

39. If an insurance policy is purchased by a visitor to an NAAIP website from an NAAIP agent and placed through ORG then ORG pays AWD split commissions on the sale of that insurance policy.

40. NAAIP insurance agent members act as the producers of life insurance policies and those policies are placed through ORG for the insurance companies that ORG represents.

41. ORG entered into a Major Account Affiliation Agreement with AWD under BINYOMIN RUTSTEIN's and AWD's insurance licenses and ORG pays split commissions to AWD as a result of the NAAIP agent member production.

42. ORG and AWD have generated hundreds of thousands of dollars in commissions from the sale of life insurance policies by NAAIP insurance agent members through the use of NAAIP websites that infringe upon Compulife's copyrights in its software and trade secrets in since 2014.

43. ORG and AWD have never had permission or authority to profit from the infringement of Compulife's copyrights in its software and trade secrets.

44. ORG was previously licensed to use Compulife's software and agreed to Compulife's licensing restrictions.

45. Compulife has demanded on numerous occasions that ORG and AWD cease and desist from their activities that profit from the infringement of Compulife's copyrights in its software and trade secrets but the defendants have consistently refused or ignored Compulife's requests.

46. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## VICARIOUS COPYRIGHT INFRINGEMENT BY ORG

47. Plaintiff Compulife incorporates the allegations of Paragraphs 1 through 46 of this Verified Complaint as if fully set forth herein.

48. Compulife owns valid copyrights in the Compulife Software.

49. Compulife registered the Compulife Software with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

50. DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY copied, displayed, used, made available, distributed and made derivative works of the Compulife Software without Compulife's authorization in violation of 17 U.S.C. § 501.

51. NAAIP members copied, displayed, used, made available, distributed and made derivative works of the Compulife Software without Compulife's authorization in violation of 17 U.S.C. § 501.

52. Defendant ORG had the right and ability to supervise the infringing conduct by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members.

53. Defendant ORG had an obvious and direct financial interest in the infringement of the Compulife Software by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members and profited from that infringement.

54. Compulife notified ORG of the infringement by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members.

55. Despite the notice to ORG, ORG failed and refused to stop the infringement and continued to profit from it.

56. ORG committed the acts alleged in the course and scope of its advertising, marketing and promotional activities and caused injury to Compulife as a result.

57. Compulife has been damaged.

58. The harm caused to Compulife has been irreparable.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT BY ORG

59. Plaintiff Compulife incorporates the allegations of Paragraphs 1 through 46 of this Verified Complaint as if fully set forth herein.

60. Compulife owns valid copyrights in the Compulife Software.

61. Compulife registered the Compulife Software with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

62. NAAIP "members" copied, displayed, used, made available, distributed and made derivative works of the Compulife Software without Compulife's authorization in violation of 17 U.S.C. § 501.

63. Defendant ORG knew or should have known that NAAIP members engaged in infringement of the Compulife Software on the NAAIP members websites.

64. Defendant ORG engaged in conduct that encouraged and assisted NAAIP members to directly infringe Compulife's exclusive rights in the Compulife Software.

65. Compulife notified ORG of the infringement by NAAIP members and ORG's actions that encouraged and assisted those members.

66. Despite the notice to ORG, ORG failed and refused to stop assisting or encouraging the infringement and continued to profit from it.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

67. ORG committed the acts alleged in the course and scope of its advertising, marketing and promotional activities and caused injury to Compulife as a result.

68. Compulife has been damaged.

69. The harm caused to Compulife has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT BY AWD

70. Plaintiff Compulife incorporates the allegations of Paragraphs 1 through 46 of this Verified Complaint as if fully set forth herein.

71. Compulife owns valid copyrights in the Compulife Software.

72. Compulife registered the Compulife Software with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

73. DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY copied, displayed, used, made available, distributed and made derivative works of the Compulife Software without Compulife's authorization in violation of 17 U.S.C. § 501.

74. NAAIP members copied, displayed, used, made available, distributed and made derivative works of the Compulife Software without Compulife's authorization in violation of 17 U.S.C. § 501.

75. Defendant AWD had the right and ability to supervise the infringing conduct by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members.

76. Defendant AWD had an obvious and direct financial interest in the infringement of the Compulife Software by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members and profited from that infringement.

77. Compulife notified AWD of the infringement by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members via notice to DAVID RUTSTEIN.

78. Despite the notice to AWD, AWD failed and refused to stop the infringement and continued to profit from it.

79. Compulife has been damaged.

80. The harm caused to Compulife has been irreparable.

## COUNT IV
## CONTRIBUTORY COPYRIGHT INFRINGEMENT BY AWD

81. Plaintiff Compulife incorporates the allegations of Paragraphs 1 through 46 of this Verified Complaint as if fully set forth herein.

82. Compulife owns valid copyrights in the Compulife Software.

83. Compulife registered the Compulife Software with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

84. NAAIP "members" copied, displayed, used, made available, distributed and made derivative works of the Compulife Software without Compulife's authorization in violation of 17 U.S.C. § 501.

85. Defendant AWD knew or should have known that NAAIP members engaged in infringement of the Compulife Software on the NAAIP members websites.

86. Defendant AWD engaged in conduct that encouraged and assisted NAAIP members to directly infringe Compulife's exclusive rights in the Compulife Software.

87. Compulife notified AWD of the infringement by NAAIP members and AWD's actions that encouraged and assisted those members via notice to DAVID RUTSTEIN.

88. Despite the notice to AWD, AWD failed and refused to stop assisting or encouraging the infringement and continued to profit from it.

89. Compulife has been damaged.

90. The harm caused to Compulife has been irreparable.

## COUNT V
## FLORIDA THEFT OF TRADE SECRETS AGAINST ORG

91. Plaintiff Compulife incorporates the allegations of Paragraphs 1 through 46 of this Verified Complaint as if fully set forth herein.

92. The compilation of information contained within the Compulife Software concerning the term life insurance market, term life products, and term life rates, are trade secrets of Compulife.

93. DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY acquired the compilation of information contained within the Compulife Software concerning the term life insurance market, term life products, and term life rates by improper means without the permission or authority of Compulife in violation of Chapter 688, Florida Statutes.

94. NAAIP members make use and misappropriate the Compulife trade secrets on the NAAIP websites for each member.

95. Compulife notified ORG of the misappropriation of Compulife's trade secrets by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and their use by NAAIP members.

96. Despite the notice to ORG, ORG failed and refused to stop the misappropriation despite the fact that ORG had the right and ability to supervise the conduct of DAVID

RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members by virtue of ORG's relationship with AWD.

97. Defendant ORG had an obvious and direct financial interest in the continued misappropriation of Compulife's trade secrets by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members and profited from that misappropriation.

98. Compulife has been damaged.

99. The harm caused to Compulife has been irreparable.

## COUNT VI
## FLORIDA THEFT OF TRADE SECRETS AGAINST AWD

100. Plaintiff Compulife incorporates the allegations of Paragraphs 1 through 46 of this Verified Complaint as if fully set forth herein.

101. The compilation of information contained within the Compulife Software concerning the term life insurance market, term life products, and term life rates, are trade secrets of Compulife.

102. DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY acquired the compilation of information contained within the Compulife Software concerning the term life insurance market, term life products, and term life rates by improper means without the permission or authority of Compulife in violation of Chapter 688, Florida Statutes.

103. NAAIP members make use and misappropriate the Compulife trade secrets on the NAAIP websites for each member.

104. Compulife notified AWD of the misappropriation of Compulife's trade secrets by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and their use by NAAIP members via notice to DAVID RUTSTEIN.

105. Despite the notice to AWD, AWD failed and refused to stop the misappropriation despite the fact that ORG had the right and ability to supervise the conduct of DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members.

106. Defendant AWD had an obvious and direct financial interest in the continued misappropriation of Compulife's trade secrets by DAVID RUTSTEIN, BINYOMIN RUTSTEIN, MOSES NEWMAN, and AARON LEVY and NAAIP members and profited from that misappropriation.

107. Compulife has been damaged.

108. The harm caused to Compulife has been irreparable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Compulife Software, Inc. prays for judgment against the Defendants:

A. For seizure of all property necessary to prevent the further propagation or dissemination of the Compulife Software, including but not limited to the computers, internet web servers, software, code, products, articles, items, and any other digital or printed materials of any kind containing the Compulife Software;

B. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from

committing the acts alleged herein in violation of 17 U.S.C. § 501, 15 U.S.C. § 1125(a), 18 U.S.C. § 1836(b), Florida Statutes Chapter 688 and Section 668.803;

C. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from infringing the Compulife Software, including from:

   i. copying, duplicating, distributing, making available, using, displaying or making derivative works of the Compulife Software;

   ii. engaging in any activity constituting unfair competition with Compulife or with Compulife's rights in, or to use, or to exploit, the Compulife Software;

   iii. assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(iii) above;

D. Defendants and all of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees and all others acting in privity, concert or participation with Defendants, who receive actual notice of said order, be required to deliver up all software, code, products, articles, items, and any other digital or printed materials of any kind containing the Compulife Software;

E. Direct Defendants to account for all customers and/or members of NAAIP that are using the Compulife Software, and to account for all monies earned by Defendants from the use of the Compulife Software;

F. Award Compulife actual damages in an amount to be proved at trial and/or as otherwise provided by law;

G. Order an accounting by Defendants of any profits derived in any way from Defendants' wrongful acts;

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

H.   Enter judgment for Compulife and against Defendants:

  i.   for the actual damages suffered by Compulife as a result of the copyright infringement, unfair competition, trade secrets theft, and deceptive practices complained of herein; and

  ii.   for the disgorgement of any profits of Defendants that are attributable to Defendants' infringement, unfair competition or trade secrets theft not taken into account by an award of actual damages, including in particular but without limitation, the value of all gains, profits, advantages, benefits and consideration derived by Defendants since the beginning of their infringement from the sales of their products and services;

I.   Preliminarily and permanently enjoin Defendants and their officers, agents and employees and all persons acting in concert with them, during the pendency of this action and permanently thereafter, from infringing the Compulife Software;

J.   Award Compulife prejudgment interest;

K.   Award Compulife its reasonable attorney fees and costs of suit incurred herein pursuant to the applicable statutes;

L.   Award Compulife exemplary damages two times the amount of compensatory damages for the willful and malicious misappropriation of Compulife's trade secrets; and

M.   Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

## VERIFICATION OF ROBERT BARNEY

I, Robert Barney, declare and say:

1. I am the President of Compulife Software, Inc.

2. I declare under penalty of perjury that the foregoing Verified Complaint is true and correct.

DATED: April 19, 2017

_____
Robert Barney

DATED:  April 21, 2017                    Respectfully submitted,


                                          */s/ Joel B. Rothman*
                                          JOEL B. ROTHMAN
                                          Florida Bar No. 98220
                                          joel.rothman@sriplaw.com
                                          JEROLD I. SCHNEIDER
                                          Florida Bar No. 26975
                                          jerold.schneider@sriplaw.com
                                          **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
                                          4651 North Federal Highway
                                          Boca Raton, FL 33431
                                          561.404.4350 – Telephone
                                          561.404.4353 – Facsimile

                                          *Attorneys for Plaintiff Compulife Software, Inc.*