UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80499-CIV-ROSENBERG/HOPKINS

COMPULIFE SOFTWARE, INC.,

        Plaintiff,

vs.

ONE RESOURCE GROUP CORP., et al.,

        Defendants.
_____/

### ORDER GRANTING AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER, (DE 120), WITH AMENDMENTS

**THIS CAUSE** is before this Court upon referral from the District Judge. (DE 12). Before this Court is the parties' Agreed Motion for Entry of Stipulated Protective Order. (DE 120).

Federal Rule of Civil Procedure 26(c)(1)[1] "allows the issuance of a protective order if good cause is shown." *McCarthy v. Barnett Bank of Polk Cty.,* 876 F.2d 89, 91 (11th Cir. 1989) (quotation omitted). Even where the parties agree that a protective order should be entered, "the district court must independently determine if good cause exists." *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994) (quotation omitted). "Courts have 'broad discretion' to decide when a protective order is appropriate and what degree of protection is required." *Wreal LLC v. Amazon.Com, Inc.,* No. 14-21385-CIV, 2014 WL 7273852, at *3 (S.D. Fla. Dec. 19, 2014) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)). However,

---

[1] FED. R. CIV. P. 26(c)(1) provides in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

1

"[a] district court must articulate its reasons for granting a protective order sufficient for appellate review." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987).

The parties assert that this case will involve the discovery of "trade secrets or confidential research and development or commercial information." (DE 120-1 at 1). Courts routinely enter agreed protective orders to protect such confidential information. *See, e.g., Air Turbine Tech., Inc. v. Atlas Copco Tools & Assembly Sys. AB*, No. 01-8288-CIV, 2003 WL 26083689, at *1 (S.D. Fla. Sept. 26, 2003) (referencing agreed protective order entered to "preserve the confidentiality of the parties' business and/or technical information"). This Court finds good cause for entering the proposed Stipulated Confidentiality and Protective Order, with minor amendments.

First, the second sentence of paragraph 5 is amended to replace "will" with "may". Second, section c of paragraph 7 is removed.[2] The Court will not designate burdens in advance. Third, paragraph 16 is amended to replace "under seal as provided for in the Local Rules, Southern District of Florida" with "in accordance with Southern District of Florida Local Rule 5.4." This Order does not, by itself, authorize the filing of any document under seal. Fourth, the first full sentence of paragraph 19 is amended to read: "Pursuant to Federal Rule of Evidence 502(b), inadvertent production of documents or information subject to attorney-client privilege or work-product immunity shall not constitute a waiver of such privilege(s)."[3] Federal Rule of Evidence 502 applies only to attorney-client privilege and work-product protection. *See* Fed. R.

---

[2] That section read: "In any such proceeding, the Party opposing disclosure to Designated Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated Expert."

[3] That sentence read: "Inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s)."

Evid. 502 (stating that "[t]he following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the **attorney-client privilege or work-product protection**) (emphasis added); Fed. R. Evid. 502 Advisory Committee Explanatory Note, Subdivision (g) ("The rule's coverage is limited to attorney-client privilege and work product.").

With these amendments, the parties' Agreed Motion for Entry of Stipulated Protective Order (DE 120) is **GRANTED** and the proposed Stipulated Confidentiality and Protective Order (DE 120-1) is hereby **APPROVED**. An amended version of the parties' Stipulated Confidentiality and Protective Order follows this Order.

**DONE AND ORDERED** in Chambers this 30th day of November, 2017, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

## **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Defendants, One Resource Group Corporation, Anthony Wilson, and Todd Stewart, and American Web Designers, Ltd. (collectively "Defendants") and Plaintiff, Compulife Software, Inc., by their respective undersigned counsel, enter into this stipulation for the entry of a Confidentiality and Protective Order ("Protective Order") as of the dates set forth below.

1. The parties agree, and the Court finds, that the parties to this case may request or produce information involving, without limitation, trade secrets or confidential research and development or commercial information, the disclosure of which may cause harm, including competitive economic harm, to the Party producing such information.

2. Upon receipt of any request for documents by the parties to this Protective Order, the producing party shall provide said documents to the requesting party in compliance with the Federal Rules of Civil Procedure, subject to any objections or claims of privilege based on trade secret or confidential. If any document required to be produced is deemed to be confidential or trade secret by producing party, then the producing party shall clearly mark such documents or groups of documents "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" at the time the documents are produced. The parties hereto shall mark only those documents as CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" that it has a reasonable and good faith belief are, in fact, confidential and require continued confidentiality. The parties agree and acknowledge that documents containing trade secret, proprietary, commercially sensitive, private or personal information (including Social Security Numbers, dates of birth and account numbers) may reasonably and in good faith be marked confidential.

3. The parties to this Protective Order agree that all documents marked CONFIDENTIAL may not be disclosed to the public or made a part of the Court file except as provided herein. The party who receives documents marked CONFIDENTIAL shall take all necessary precautions with regard to storage, custody and use of such materials to prevent its unauthorized or inadvertent disclosure.

4. Documents marked CONFIDENTIAL may be disclosed only to:
   a. The Parties to this action;
   b. Counsel to the parties to this Protective Order, along with their employees, consultants and agents;

    c. Any court of competent jurisdiction involved in any litigation related to this case, as well as court personnel;

    d. Any deposition or trial witness where such is necessary to the testimony of such witness; and

    e. Experts, investigators and consultants retained by a party for the purpose of assisting in this action and their employees, consultants, agents and counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

  5. Upon receipt of any documents marked CONFIDENTIAL by the producing party, or at any time thereafter, the requesting party may challenge the validity or necessity of the claim of confidentiality. Such challenges may be resolved by the Court, upon motion by the challenging party. Unless and until such a challenge to the confidential status of any document is resolved, all parties hereto shall maintain the confidentiality of any documents so marked. If the Court determines that the claim of confidentiality is invalid or unnecessary, then the parties hereto shall be relieved any and all obligations to maintain the confidentiality of such documents.

  6. "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information is extremely sensitive Confidential Information that a party believes to be in the nature of trade secrets, proprietary commercial information, or competitive business information that includes, without limitation, a Person's highly sensitive personal, financial, business, process, operational, technical or development information that, if disclosed to another party or a nonparty, would create a substantial risk of injury (including without limitation economic or competitive injury). All of the provisions of this Protective Order also apply to documents that are marked "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" with the exception that documents marked with "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" may only be disclosed to:

    a. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    b. Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

5

Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7 below, have been followed;

        c.     the court and its personnel;

        d.     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

        e.     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

        7.     A Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must (1) provide the "Acknowledgment and Agreement to Be Bound" signed by the Expert that is attached hereto as Exhibit A, and (2) refer to or attach a copy of the Expert's current CV.

        a.     A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the identified Designated Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

        b.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

        8.     Nothing in this Protective Order shall be construed to limit or prohibit the use of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" in any Court proceeding in this action, including the use of such materials at

depositions, hearings, trial and all other Court proceedings. Additionally, the parties agree and acknowledge that documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be used by experts, investigators, consultants and other persons working on behalf of the parties or counsel for the parties to review, analyze or investigate any issues related to this action, provided such person agrees to abide by the terms of this Protective Order as evidenced by his or her signature or the form annexed hereto as **Exhibit A**.

9. Documents inadvertently disclosed without being designated as CONFIDENTIAL may thereafter be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" by promptly notifying the requesting party such documents in writing. The party receiving shall thereafter treat documents so identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY".  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

10. If any party to this case receives from a third party a subpoena, discovery request or other demand for documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" in this case, the parties receiving the subpoena, discovery request or other demand for designated documents shall take the steps they deem reasonably necessary to preserve the confidentiality of the documents and shall immediately notify the party who designated the documents that they received such a demand and shall reasonably cooperate with the party who designated the documents as confidential in seeking a protective order or other limitation by the Court on disclosure of the designated Information.

11. The agreement to keep certain documents confidential pursuant to the Protective Order shall not be construed as an acknowledgment that such documents are confidential, and the agreement to maintain confidentiality shall not be offered or used to support a position that the documents are in fact confidential.

12. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of

documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall affect any right of any party to redact information or materials for privilege, relevancy or privacy reasons. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

13. This Protective Order shall not be construed to apply to any information or materials that: (a) are available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and were not subject to conditions of confidentiality; or (c) a receiving party can demonstrate were developed by that receiving party independently of any disclosure by a designating party or nonparty.

14. This Protective Order shall remain in full force and effect unless modified by written stipulation of counsel for the parties or by the Court. This Protective Order shall be binding upon the parties hereto, their designated officers, successors and assigns, and any individual who executes Exhibit A.

15. Any party may apply to the Court for modification of this Protective Order, including but not limited to a challenge to the status of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" at any time. However, any party may remove a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation made by that party without leave of Court at any time upon written notice to opposing counsel.

16. If any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" are filed with a Court, such material shall be filed in accordance with Southern District of Florida Local Rule 5.4.

17. Within twenty-eight (28) days of the termination of the case and upon written notice by the designating party, all Information designated as **"CONFIDENTIAL" or** "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" and all copies, summaries, or extracts thereof, including in electronic form, shall be destroyed, and a written certificating by the receiving party shall be provided.

18. Inadvertent Disclosure of Protected Information: To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly

Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential Information or Highly Confidential-Attorneys' Eyes Only Information within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential and/or Highly Confidential-Attorneys' Eyes Only under this Stipulated Protective Order.

   19. Inadvertent Disclosure of Privileged Information: Pursuant to Federal Rule of Evidence 502(b), inadvertent production of documents or information subject to attorney-client privilege or work-product immunity shall not constitute a waiver of such privilege(s). Inadvertent production of such documents or information shall be handled as follows, without prejudice to the right of any Party to apply to the Court for further protection or disclosure relating to discovery:

    a. Immediately upon receiving notice from the Producing Party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, or disclose their substance. In addition, the Receiving Party shall sequester the documents or materials and all copies within five business days from receiving notice.

    b. If the Receiving Party believes that it has a good-faith basis for challenging the claim of privilege or work product immunity, counsel for the Receiving Party shall provide counsel for the Producing Party with a written explanation of the good-faith basis for that challenge within ten (10) business days after receipt of the Producing Party's request for sequester. Such explanation shall not delay the initial sequester obligation. If the parties are unable to resolve the matter, the Receiving Party may raise the issue with the court, as provided in Fed. R. Civ. P. 26(b)(5)(B). On such a motion, the Producing Party shall have the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-cv-80499-RLR

COMPULIFE SOFTWARE, INC.,

    Plaintiff,

v.

ONE RESOURCE GROUP CORPORATION,
ANTHONY WILSON, TODD STEWART, et al.

    Defendants.
_____/

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare that:

1. I have received a copy of the Stipulated Confidentiality and Protective Order ("Protective Order") in this Action.
2. I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.
3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential-Attorney's Eyes Only" in accordance with the Protective Order.
4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.
5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with or violation of the Protective Order.
6. I understand that disclosure of information designated "Confidential" or "Highly Confidential-Attorney's Eyes Only" in violation of the Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____      _____
Date                                               Signature