UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  9:17-cv-80499-RLR

COMPULIFE SOFTWARE INC.,

       Plaintiff,

v.

ONE RESOURCE GROUP CORPORATION,
AMERICAN WEB DESIGNERS LTD.,
TODD J. STEWART AND ANTHONY M. WILSON,

       Defendants.

**PLAINTIFF COMPULIFE SOFTWARE INC.'S MOTION TO REOPOEN CASE AND ENTER JUDGMENT AGAINST AMERICAN WEB DESIGNERS, LTD.**

Plaintiff COMPULIFE SOFTWARE INC. ("Compulife"), by and through its undersigned counsel, files this motion to reopen this case and enter judgment against American Web Designers, Ltd. ("AWD"), and states as follows:

### I.  Introduction

This Court's Order of Dismissal (ECF No. 147) was entered "subject to Compulife's right to reopen this case and set aside the dismissal in the event that the Findings of Fact and Conclusions of Law and/or the Judgment entered against Compulife in the '942 Case and/or the '808 Case 9:17-cv-80499-RLR Case is vacated, reversed, modified and/or remanded in any way as to defendants David Rutstein or Binyomin Rutstein."

That condition occurred. See *Compulife Software Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020). On June 8, 2020, Compulife notified the Court that the '42 Case and '08 Case were vacated, reversed and remanded by the Eleventh Circuit. (ECF No. 166). Subsequently, the '08

Case and '42 Case were retried before Magistrate Judge Bruce E. Reinhardt who entered his Order after trial on July 12, 2021 finding in favor of Compulife on its trade secrets claims. *Compulife Software, Inc. v. Rutstein*, No. 9:16-CV-80808, 2021 WL 3713173 (S.D. Fla. July 12, 2021).

On October 20, 2021, the Court entered a Final Judgment and Permanent Injunction at ECF No. 313 against defendants Moses Newman, David Rutstein, Aaron Levy, and Binyomin Rutstein in the total amount (including prejudgment interest) of $584,379.60.

Compulife now files this motion to reopen this case, set aside the dismissal entered at ECF No. 147, and enter judgment against AWD based upon the *res judicata* effect of the Judgment entered in the '42 Case and the '08 Case.

## II.     Procedural History of '08 and '42 Related Cases

This case is a companion case to two earlier filed cases, *Compulife Software, Inc. v. Moses Newman, Aaron Levy, David Rutstein a/k/a David Gordon a/k/a Bob Gordon a/k/a Nate Golden and Binyomin Rutstein a/k/a Ben Rutstein*, Case Number: 9:16-cv-81942-RLR (the '42 Case") and *Compulife Software, Inc. v. Binyomin Rutstein a/k/a Ben Rutstein and David Rutstein a/k/a David Gordon a/k/a Bob Gordon a/k/a Nate Golden*, Case Number 9:16-cv-80808-RLR (the "'08 Case").

The '42 Case and '08 Case were consolidated and tried on consent before Magistrate Judge James M. Hopkins (now retired) in a bench trial held from October 3, 2017 to October 6, 2017. ('08 ECF No. 186, 187, 189, 190). Thereafter, an evidentiary hearing was held on January 24, 2018 on the issues of: (1) whether the Defend Trade Secrets Act is applicable to the conduct at issue in the 08 case; and (2) whether Plaintiff's state law claims in both cases are preempted by the Florida Uniform Trade Secrets Act. ('08 ECF No. 209, 217).

On March 12, 2018, Magistrate Judge Hopkins issued his findings of fact and conclusions of law. *Compulife Software, Inc. v. Rutstein*, No. 9:16-CV-80808-JMH, 2018 WL 11033483 (S.D. Fla. Mar. 12, 2018). Compulife appealed to the Eleventh Circuit Court of Appeals. ('42 ECF No. 248; 11th Cir. Appeal Nos.: 18-12004-CC; 18-12007-CC (consolidated)).

On June 18, 2020, the Eleventh Circuit affirmed in part, reversed in part, vacated and remanded for a new trial. ('42 ECF No. 268). *Compulife Software Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020).

On remand, the parties again consented to proceed before a U.S. Magistrate Judge, Magistrate Judge Bruce E. Reinhardt. ('42 ECF No. 277). The parties filed their pre-trial stipulation on October 21, 2020. ('42 ECF No. 290). On November 16-20, 2020, this court held a new trial via remote video conference.

On July 21, 2021, the Court entered its Order finding for Compulife on its claims of trade secret misappropriation. ('42 Case ECF No. 314). The Court determined defendants willfully and maliciously appropriated Compulife's trade secrets and awarded Compulife treble damages pursuant to the Economic Espionage Act as amended by the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(3)(D) ("DTSA"), the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.005 ("FUTSA"). *Compulife Software, Inc. v. Rutstein*, No. 9:16-CV-80808, 2021 WL 3713173 (S.D. Fla. July 12, 2021).

On October 20, 2021, the Court entered a Final Judgment and Permanent Injunction at ECF No. 313 against defendants Moses Newman, David Rutstein, Aaron Levy, and Binyomin Rutstein in the total amount (including prejudgment interest) of **$584,379.60.**

### III. History of This Case

Compulife filed its Second Amended Complaint alleging Civil RICO violations based on wire fraud and trade secrets violations and civil conspiracy on August 31, 2017. (ECF No. 76). Compulife settled with and dismissed this case against all the defendants except AWD before the first decision in the '08 and '42 cases was issued.

Compulife and AWD did not settle, in part because Compulife alleged that AWD is the business entity the Rutsteins used to engage in the insurance transactions using Compulife's trade secrets. After the first decision in the '08 and '42 cases, AWD and Compulife stipulated that because "AWD is owned or controlled by David Rutstein and Binyomin Rutstein," and that "AWD is in privity with David Rutstein and Binyomin Rutstein." (ECF No. 145 at 1). The stipulation further provided that, as a result of Judge Hopkins' decision, the "Judgment entered in the '942 Case and the '808 Case is *res judicata* as to AWD's liability to Compulife in this case." (ECF No. 145 at 2). The parties also stipulated that Compulife could reopen this case if the decision of Judge Hopkins was overturned on appeal. (ECF No. 145 at 2).

Following the filing of the parties' stipulation, this Court dismissed this case based on the *res judicata* effect of the Hopkins decision subject to the parties' agreement. (ECF No. 147).

Now that the defendants in the '08 and '42 cases were found liable at a second trial for malicious trade secrets theft, Compulife moves to reopen this case against AWD. The defendants in the '08 Case and '42 Case are in privity with AWD. Therefore, the judgment against the defendants in the '08 Case and '42 Case is *res judicata* as against AWD. Therefore, judgment for the same relief in the '08 Case and '42 Case should be entered against AWD here. Alternatively, the judgment in the '08 Case and '42 Case should be amended to apply equally to AWD, inasmuch as AWD is jointly and severally liable with the defendants in the '08 and '42 Cases.

### IV.  Good Faith Certification

Prior to filing this motion, counsel for Compulife conferred with counsel for AWD who agreed that the case may be reopened but objected to the entry of a judgment against AWD based on *res judicata*.

### V.  Memorandum of Law

Under *res judicata*, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. See *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) *Res judicata* bars a claim in a prior case if: (1) there was a final judgment on the merits rendered by a court with jurisdiction; (2) the cases involved the same parties or those in privity with them; and (3) the same cause of action is involved in both cases. *Id*. In order to determine whether the two proceedings are based on the same cause of action, the test is whether they arise out of the same nucleus of operative fact, or are based upon the same factual predicate. *Id,*, 244 F.3d at 1297.

"Privity is defined as a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *N.A.A.C.P. v. Hunt,* 891 F.2d 1555, 1560–61 (11th Cir. 1990). Conspirators are deemed to be in privity for res judicata purposes. *Gambocz v. Yelencsics,* 468 F.2d 837, 840–41 (3rd Cir.1972); *McLaughlin v. Bradlee.* 599 F. Supp. 839, 842–48 (D.D.C.1984), *aff'd,* 803 F.2d 1197 (D.C.Cir.1986) (co-conspirators in privity for res judicata purposes); *Palaxar Grp., LLC v. Williams,* No. 614-CV-758-ORL-28GJK, 2014 WL 5059286, at *13 (M.D. Fla. Oct. 2, 2014); *Busse v. Steele,* No. 2:10–CV–89–FTM–36GTW, 2010 WL 3894558, at *2 (M.D. Fla. Aug.18, 2010) report and recommendation adopted, No. 2:10-CV-89-FTM-33TGW, 2010 WL 3893766 (M.D. Fla. Sept. 30, 2010).

The '08 Case and '92 Case concern the same nucleus of operate facts and same factual predicate as the instant case. AWD was sued here as a co-conspirator with the defendants in the '08 Case and '92 Case. AWD is in privity with the defendants in the '08 Case and '92 Case and therefore the judgment entered in those cases should apply equally to AWD.

### VI. Conclusion

The Court should grant this motion, reopen this case as stipulated by the parties, and enter judgment against AWD based upon the res judicata effect of the Order entered July 21, 2021 in the '42 Case and '08 Case.

Dated:  November 29, 2021                          Respectfully submitted,

*/s/Joel B. Rothman*
Joel B. Rothman
Bar Number:  98220
joel.rothman@sriplaw.com
(561) 404-4350 - Telephone
(561) 404-4353 - Facsimile

*Counsel for Plaintiff Compulife Software Inc.*