UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CV-80499-RLR/BER

COMPULIFE SOFTWARE, INC.,

      Plaintiff,

v.

ONE RESOURCE GROUP CORP., et al.,

      Defendants.

### REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REOPEN CASE AND ENTER JUDGMENT AGAINST DEFENDANT AMERICAN WEB DESIGNERS, LTD. (ECF No. 167)

Currently before me is Plaintiff's motion to reopen this case which was dismissed with prejudice on March 26, 2018. This motion was referred to me by the Honorable Robin L. Rosenberg for appropriate disposition. ECF No. 174.

This case is related to two companion cases with a long and tortured history.[1] Suffice it to say that following the Eleventh Circuit's reversal of a prior judgment in defendants' favor in the two companion cases, I conducted a bench trial of them in November 2020. That trial resulted in a partial judgment in Plaintiff's favor, specifically on its claims for misappropriation of trade secrets (Counts IV and V in the '08 case and Counts I and V in the '42 case). The defendants in those cases

---

[1] The two companion cases are: *Compulife Software, Inc. v. Moses Newman, Aaron Levy, David Rutstein a/k/a David Gordon a/k/a Bob Gordon a/k/a Nate Golden and Binyomin Rutstein a/k/a Ben Rutstein*, Case Number: 9:16-cv-81942-BER (the '42 Case) and *Compulife Software, Inc. v. Binyomin Rutstein a/k/a Ben Rutstein and David Rutstein,* Case Number 9:16-cv-80808-BER (the '08 Case).

(Binyomin Rutstein a/k/a Ben Rutstein, David Rutstein a/k/a David Gordon, Moses Newman, and Aaron Levy) were deemed to be jointly and severally liable for the monetary damages awarded to Plaintiff. The defendants have appealed the judgment to the Eleventh Circuit.

On March 14, 2018, two days after the initial entry of judgment in defendants' favor in the companion cases and well before the Eleventh's Circuit's reversal and remand order, Judge Rosenberg held a status conference with the parties in this case. Following that conference, Judge Rosenberg entered a paperless order directing as follows: "By no later than 12:00 p.m. (noon) on Monday, March 19, 2018, counsel for Plaintiff Compulife Software, Inc. and Defendant American Web Designers Ltd. shall (1) file a stipulation of dismissal with prejudice and submit a proposed order of dismissal in Word format by email, (2) file joint notice that the parties intend to proceed with trial commencing April 16, 2018, or (3) file joint notice that they intend to proceed in some other manner." ECF No. 144.

On March 19, 2018, the parties filed a pleading styled as a "Stipulation for Dismissal" of the case with prejudice (ECF No. 145) with a proposed order for Judge Rosenberg's signature appended to it. ECF No. 145-1. In their filing, the parties agreed that the only remaining Defendant in this case, American Web Designers Ltd. (AWD), was owned or controlled by, and in privity with, two defendants in the companion cases, namely, David Rutstein and Binyomin Rutstein. ECF No. 145 at ¶¶ 1, 2. Because the initial 2017 trial of the companion cases had resulted in a judgment in the defendants' favor, the parties in this case stipulated to a dismissal

of the case against AWD with prejudice based on their conclusion that *res judicata* applied. The parties' stipulation stated that it was "subject to Compulife's right to reopen this case and set aside this dismissal in the event that the Findings of Fact and Conclusions of Law and/or the Judgment entered against Compulife in the [companion cases] is vacated, reversed, modified and/or remanded in any way as to defendants David Rutstein or Binyomin Rutstein." ECF No. 145 at 2. The proposed order submitted to Judge Rosenberg also contained this conditional language. ECF No. 145-1.

Once an answer is filed, a lawsuit can be voluntarily dismissed in two ways. Under Rule 41(a)(1)(A)(ii), the parties file a joint stipulation of dismissal which is "self-executing and dismisses the case upon its becoming effective." *Wyndham Vacation Ownership, Inc. v. US Consumer Attorneys, P.A.,* No. 18-81251, 2020 WL 8024171, at *1 (S.D. Fla. Oct. 13, 2020) (J. Reinhart) (quoting *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012)). The filing of a stipulation under Rule 41(a)(1)(A)(ii) divests the Court of subject matter jurisdiction. *Anago,* 677 F.3d at 1278. The Court has no role in approving the stipulation.

Alternatively, a plaintiff can seek a court order dismissing the case under Rule 41(a)(2). Under that rule, the Court is not obligated to adopt any proposed terms. Rather, dismissal by court order at the plaintiff's request will be "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Judge Rosenberg's order dismissing the instant case with prejudice did *not* adopt the parties' proposed language allowing Plaintiff to reopen the case if an appeal

of the companion cases resulted in a judgment in Plaintiff's favor. ECF No. 147. The order specifically states that the "dismissal is not entered pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." *Id.* Accordingly, Judge Rosenberg's dismissal was pursuant to Rule 41(a)(2). A dismissal under Rule 41(a)(2) is understood to be without prejudice, "[u]nless the order states otherwise." Fed. R. Civ. P. 41(a)(2). Here, consistent with the language proposed by the parties, Judge Rosenberg's order stated that the dismissal would be with prejudice. Thus, the entry of Judge Rosenberg's order ended this case and did not preserve Plaintiff's right to reopen it.

At this late juncture, the only procedural vehicle to ask the Court to reopen this case is Federal Rule of Civil Procedure 60(b), which allows for relief from a final judgment, order, or proceeding for several reasons, including "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). *See, e.g., Rodriguez v. Hiday & Ricke, P.A.*, No. 14-CV-61509, 2015 WL 1470513, at \*2 (S.D. Fla. Mar. 31, 2015) (J. Valle). "In order to obtain relief under Rule 60(b), a party must prove some justification for relief." *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (citation omitted). Yet, Plaintiff's current motion neither cites nor discusses Rule 60(b).

After Judge Rosenberg unconditionally dismissed this case with prejudice on March 26, 2018, Plaintiff could have sought relief under the various provisions of Rule 60(b) and asked to amend the dismissal order to include the language

conditionally allowing Plaintiff to reopen the case.[2]  Plaintiff did not seek any such relief.  Rather, Plaintiff waited almost four years and filed the motion presently before me: to reopen the case and enter judgment against AWD.  Plaintiff has not cited legal authority entitling it to this relief.  If, in fact, Plaintiff wishes to pursue relief under Rule 60(b), it should say so, and provide the Court with fully-developed briefing.

## RECOMMENDATION

For the foregoing reasons, I RECOMMEND that Plaintiff's motion to reopen the case and enter judgment against AWD (ECF No. 167) be DENIED without prejudice to Plaintiff filing a motion pursuant to Rule 60(b).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and**

---

[2] More than three years has passed since the dismissal order, so Rules 60(b)(1)-(3) are not available. *See* Fed. R. Civ. P. 60(c)(1).

**Recommendation.**

      **DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of March 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE