**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.: 9:17-cv-80499-RLR**

COMPULIFE SOFTWARE INC.,

   Plaintiff,

v.

ONE RESOURCE GROUP
CORPORATION, AMERICAN WEB
DESIGNERS LTD., TODD J. STEWART
AND ANTHONY M. WILSON,

   Defendants.

**PLAINTIFF COMPULIFE SOFTWARE INC.'S MOTION TO SET ASIDE JUDGMENT
OF DISMISSAL PURSUANT TO RULE 60(b) AND ENTER JUDGMENT AGAINST
AMERICAN WEB DESIGNERS, LTC.**

  Plaintiff COMPULIFE SOFTWARE INC. ("Compulife"), by and through its undersigned counsel, files this motion to set aside judgment of dismissal pursuant to Fed. R. Civ. P. 60(b), and enter judgment against American Web Designers, Ltd. ("AWD"), and states as follows:

### I. Introduction

  On March 19, 2018, after the Judgment in the companion '942 Case and the '808 Case was entered, but before it was reversed on appeal, Compulife and AWD resolved this action by stipulating at ECF No. 145 that because "AWD is owned or controlled by David Rutstein and Binyomin Rutstein," and "AWD is in privity with David Rutstein and Binyomin Rutstein," and because "David Rutstein and Binyomin Rutstein were defendants in [the '942 Case and the '808 Case]" and "the [2018] Judgment entered in the '942 Case and the '808 Case is *res judicata* as to

AWD's liability to Compulife in this case," therefore this case may be dismissed "subject to Compulife's right to reopen this case and set aside the dismissal in the event that the Findings of Fact and Conclusions of Law and/or the Judgment entered against Compulife in the '942 Case and/or the '808 Case is vacated, reversed, modified and/or remanded in any way as to defendants David Rutstein or Binyomin Rutstein."

As the Honorable Magistrate Judge Reinhardt pointed out in his Report and Recommendation entered on March 3, 2022 (ECF No. 175), the Order of Dismissal (ECF No. 147) entered based upon the parties' stipulation was with prejudice pursuant to Rule 41(a)(2) and, as a result, ended this case without the ability of Compulife to reopen it. That was not the parties' intent based upon the plain language of the stipulation which intended to reserve Compulife's right to reopen this case in the event the "Judgment entered against Compulife in the '942 Case and/or the '808 Case is vacated, reversed, modified and/or remanded in any way as to defendants David Rutstein or Binyomin Rutstein."

The '942 and '808 cases were vacated, reversed and remanded as to defendants David Rutstein or Binyomin Rutstein. See *Compulife Software Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020). On June 8, 2020, Compulife promptly notified the Court of that fact. (ECF No. 166). Compulife did not move the court at that time to avoid wasting resources and permit the new trial to proceed before Magistrate Judge Bruce E. Reinhardt. That trial resulted in a finding in favor of Compulife on its trade secrets claims on July 12, 2021. *Compulife Software, Inc. v. Rutstein*, No. 9:16-CV-80808, 2021 WL 3713173 (S.D. Fla. July 12, 2021). On October 20, 2021, the Court entered a Final Judgment and Permanent Injunction at ECF No. 313 against defendants Moses Newman, David Rutstein, Aaron Levy, and Binyomin Rutstein in the total amount (including prejudgment interest) of $584,379.60.

Compulife now files this motion to set aside the dismissal entered at ECF No. 147 pursuant to Fed. R. Civ. P. Rule 60(b), reopen this case for purposes of effectuating the parties' stipulation, and enter judgment against AWD.

## II.     Procedural History

On May 23, 2016, Compulife filed *Compulife Software, Inc. v. Binyomin Rutstein a/k/a Ben Rutstein and David Rutstein a/k/a David Gordon a/k/a Bob Gordon a/k/a Nate Golden*, Case Number 9:16-cv-80808-RLR (the "'808 Case"). The facts underlying the '808 Case relate to the trade secrets misappropriation engaged in by David Rutstein that Compulife discovered on April 8, 2015 whereby David Rutstein used Brian McSweeney's VAM DB account to access Compulife's Transformative Database to provide insurance quotation information on NAAIP.org and BeyondQuotes.com. (See Order after trial at '808 Case ECF No. 310 at 14-18).

Compulife promptly sought discovery in the '808 case from David and Binyomin Rutstein concerning the operation of NAAIP and BeyondQuotes.com websites. The Rutsteins failed to produce any documents. Compulife moved to compel. The late Magistrate Judge Dave Lee Brannon entered an order on December 13, 2016 compelling the Rutsteins to "either (1) provide all documents responsive to Plaintiff's Requests for Production; or (2) file a certification executed by each Defendant under penalty of perjury certifying that (a) Defendants have provided all known contact information for Moses Newman and Aaron Levy; and (b) Defendants have provided each and every document responsive to Plaintiff's Requests for Production such that they are not in possession of any additional responsive documents." ('808 Case ECF No. 60).

In response to the Judge Brannon's Order, on December 15, 2016, David Rutstein and Binyomin Rutstein certified under penalty of perjury that they had no documents. ('808 Case ECF No. 61).

On December 2, 2016, Compulife filed its second case, *Compulife Software, Inc. v. Moses Newman, Aaron Levy, David Rutstein a/k/a David Gordon a/k/a Bob Gordon a/k/a Nate Golden and Binyomin Rutstein a/k/a Ben Rutstein*, Case Number: 9:16-cv-81942-RLR (the "'942 Case"). The facts underlying the '942 Case relate to the scraping attack. (See Order after trial at '808 Case ECF No. 310 at 18-20).

During the litigation of the '942 Case, Compulife discovered that David Rutstein and Binyomin Rutstein withheld documents and falsely certified that they had no documents to produce in the '808 case. In the '942 Case, Compulife subpoenaed documents from One Resource Group Corp. ("ORG") of Roanoke, Indiana, an insurance agency that Compulife discovered was doing business with NAAIP. On March 21, 2017, ORG produced 6,257 pages of documents including thousands of pages of commission statements showing payments to BINYOMIN RUTSTEIN from the sale of life insurance policies by NAAIP members from 2014 to the present totaling $108,406. (See '808 Case ECF No. 118-1).

On April 18, 2017, in the '942 Case, Compulife took the deposition of Tony Wilson, Executive VP of Sales of ORG. (ECF No. 103-1 in '808 Case). Wilson testified to the relationship between ORG and the defendants in the '808 and '942 Cases; Wilson confirmed that David Rutstein used the alias David Gordon and Aaron Levy; Wilson confirmed that the defendants in the '808 and '942 Cases generated hundreds of thousands of dollars in commissions from the sale of life insurance policies through NAAIP.org.  Most significantly for this case and this motion, Wilson testified that ORG and American Web Designers, Ltd. entered

into an "Affiliation Agreement" through which hundreds of thousands of dollars of commission was paid.

It was not until the deposition of Wilson in the '942 Case on April 18, 2017 that Compulife discovered for the first time that AWD was an insurance agency incorporated in Ohio and licensed in Florida and that Binyomin Rutstein was the agent in charge of AWD. Because of that deposition, on April 21, 2017, Compulife filed this case, *Compulife Software Inc. v. One Resource Group Corporation, American Web Designers Ltd., David Rutstein a/k/a David Gordon a/k/a Bob Gordon a/k/a Nate Golden and Binyomin Rutstein a/k/a Ben Rutstein, Moses Nachman Newman, Anthony Wilson, Todd Stewart, Brian McSweeney, and MBM Life Quotes, LLC*, Case Number 9:17-cv-80499-RLR (the '499 Case").

After litigating this case briefly, the majority of the parties promptly agreed to settle at a settlement conference held with Magistrate Judge Matthewman on January 11, 2018. After the settlement was agreed to, the only remaining party to this case was AWD.

After the decision in the first trial, and based on the Courts' judgment in favor of defendants David Rutstein, Binyomin Rutstein, Aaron Levy and Moses Newman in the '808 and '942 cases, AWD and Compulife agreed to settle this case essentially by having the final outcome of this case hinge upon the final outcome of the '808 Case and '942 Case. The parties agreed that because AWD is owned or controlled by David Rutstein and Binyomin Rutstein, and because AWD is in privity with David Rutstein and Binyomin Rutstein, AWD's liability would be coterminous with David and Binyomin Rutstein's liability in the '808 and '942 cases. Therefore, on March 19, 2018, the parties stipulated to "Compulife's right to reopen this case and set aside this dismissal in the event that the Findings of Fact and Conclusions of Law and/or the Judgment entered against Compulife in the '942 Case and/or the '808 Case is vacated,

reversed, modified and/or remanded in any way as to defendants David Rutstein or Binyomin Rutstein." (ECF No. 145 at p. 2). Judge Rosenberg entered the Order of Dismissal With Prejudice ("Judgment of Dismissal") at ECF No. 147.

*The Second Trial and Pending Appeal*

After the Eleventh Circuit remanded the case for a new trial, a second bench trial was held in November 2020. On July 21, 2021, the Court entered its findings of fact and conclusions of law. ('808 Case ECF No. 310). The Court determined defendants willfully and maliciously appropriated Compulife's trade secrets and awarded Compulife treble damages. In the Court's Findings of Fact and Conclusions of Law ('942 Case ECF No. 310), the Court made specific findings of fact as to AWD:

> 29. American Web Designers, Ltd. ("AWD") is owned by Binyomin Rutstein and is licensed as an insurance agency. To have a license for an insurance agency in Florida, there must be an individual who stands as the principal for that agency; Binyomin Rutstein is the licensed insurance agent in Florida for American Web Designers.
>
> 30. Binyomin gave permission for David to use Binyomin's insurance license. David Rutstein opened AWD's bank account with Bank of America by presenting his passport with his photograph as identification and became an authorized signor on that account.
>
> 32. In August 2011, David Rutstein used AWD to enter into an agreement with Brian McSweeney whereby for every lead Mr. McSweeney received that became a sale of an insurance policy, a "lead generation fee" was paid to AWD. Mr. McSweeney paid Defendants over $75,819.00 in exchange for sales leads that Defendants provided to Mr. McSweeney (generated from BeyondQuotes.com) while Compulife's software and data were used on the website.
>
> 37. One Resource Group ("ORG") is a life insurance wholesaler that entered into an agreement with AWD dated March 24, 2014. Pursuant to the agreement, ORG paid AWD $108,406.87 in commissions from sales of insurance policies by NAAIP.org members during the period of time that NAAIP used Compulife's software and data. David Rutstein confirmed that NAAIP.org received that approximate amount from ORG over a two-to-three-year period.

(internal citations omitted). The Court further made specific findings involving AWD:

> Here, I find that Compulife is entitled to recover the unjust enrichment Defendants received as a direct result of misappropriating Compulife's trade secrets. Specifically, Compulife is entitled to the $75,819.00 that Mr. McSweeney **paid to AWD for sales leads he received from BeyondQuotes.com** while Compulife's software and data were used on the website. Likewise, Compulife is entitled to recover the $108,406.87 that One Resource Group **paid to AWD in commissions from sales of insurance policies by NAAIP.org members during the period of time that NAAIP used Compulife's software and data.**

('942 Case ECF No. 310 at p. 42) (emphasis added). On October 20, 2021, the Court entered a Final Judgment and Permanent Injunction ('942 Case ECF No. 313) against defendants Moses Newman, Aaron Levy, Binyomin Rutstein and David Rutstein in the total amount (including prejudgment interest) of $584,379.60. It is this same judgment that Compulife seeks to enforce in this case against AWD.

Defendants in the '808 and '942 Cases have appealed the Court's judgment. ('42 Case ECF No. 322, 341). However, the defendants in the related cases failed to move to stay execution of the judgment and did not post a bond. Compulife has been unable to execute on or garnish any funds to satisfy its judgment. AWD presents a source of potential funds to satisfy Compulife's judgment, and therefore Compulife seeks to amend the judgment in this case to effectuate the parties' agreement and permit Compulife to proceed to collect against AWD to satisfy the judgment entered in the '808 and '942 Cases.

### III. Argument

    a. <u>This Court Has Jurisdiction Under Rule 60(b) to Set Aside the Order of Dismissal.</u>

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. Rule 60(b). "In order to obtain relief under Rule 60(b), a party must prove some justification for relief." *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (citation omitted). The party "must demonstrate a justification so compelling that the court was required to vacate its order" *Id.* (citation omitted).

As this Court recognized, Judge Rosenberg's Judgment of Dismissal did not expressly retain jurisdiction to enforce Compulife's reservation of rights to reopen the case and set aside the dismissal. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (citing *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 379-380 (1994)). However, "[a] court may entertain a Rule 60(b) motion even if it entered a final order of dismissal without retaining jurisdiction." *Dominguez v. Circle K Stores, Inc.*, No. 11-23196-CIV, 2013 WL 4773629, at *4 (S.D. Fla. Sept. 4, 2013) (citing *Arango v. City of Margate*, 367 Fed. Appx. 60, 60–61 (11th Cir. 2010); *Hinsdale v. Farmers Nat'l Bank & Trust Co.,* 823 F.2d 993 (6th Cir. 1987) (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir. 1985) ("This unconditional dismissal with prejudice terminated the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)' of the Federal Rules of Civil Procedure.").

Compulife and AWD entered into a stipulation to dismiss the case with prejudice as against AWD. Although the Court does not have subject matter jurisdiction to enforce the

stipulated agreement as to Compulife's reservation of rights, the Court still retains jurisdiction to entertain this motion to set aside the judgment of dismissal. *Affiliati Network, Inc. v. Wanamaker*, 791 F. App'x 82, 85 (11th Cir. 2019) (finding district court erred when it refused to consider defendant's motions for relief and for clarification on the basis that it lacked jurisdiction where defendant sought to set aside the judgment under Rule 60(b)(3)).

    b. <u>Extraordinary Circumstances Exist in This Case Warranting Relief</u>

"To warrant relief under Rule 60(b)(6), not only must Plaintiffs show 'sufficiently extraordinary' circumstances, but also 'that absent such relief, an "extreme" and "unexpected" hardship will result." *Doe v. Drummond Co.*, 782 F.3d 576, 612 (11th Cir. 2015) (citing *Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294–95 (11th Cir. 2013).

Extraordinary circumstances exist in this case to set aside the dismissal against AWD. Compulife and the Rutsteins resolved this case based upon their stipulation. Their resolution acknowledged that AWD's liability is equivalent to that of David Rutstein and Binyomin Rutstein because "AWD is owned or controlled by David Rutstein and Binyomin Rutstein," and "AWD is in privity with David Rutstein and Binyomin Rutstein." AWD was not made a party to the '942 Case and the '808 Case because at the time those cases were filed, Compulife had no knowledge of AWD's involvement in the operation of NAAIP or BeyondQuotes.com. The Rutsteins actively hid information and documents showing AWD's involvement from disclosure to Compulife in the '942 Case and the '808 Case. This case was filed against AWD and the other defendants only after that information came to light.

The extended timing of the proceedings in this complex case justifies vacating the Judgment of Dismissal. More than two years after Judge Rosenberg entered in her Judgment of Dismissal in this case, the Eleventh Circuit finally issued its order on May 20, 2020 which

vacated, reversed and remanded the '942 and '808 cases for a new trial. See *Compulife Software Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020).[1] On June 8, 2020, Compulife promptly notified the Court of the decision. (ECF No. 166). Since a new trial was required, Compulife did not move the Court to reopen the case and set aside the judgment against AWD at that time to avoid wasting resources and permit the new trial to proceed before Magistrate Judge Bruce E. Reinhardt. That trial resulted in a finding in favor of Compulife on its trade secrets claims against all defendants on July 12, 2021. See *Compulife Software, Inc. v. Rutstein*, No. 9:16-CV-80808, 2021 WL 3713173 (S.D. Fla. July 12, 2021). Therefore, the timing of the judgments and appeals in this case resulted in Compulife's delay in moving to set aside the judgment of dismissal.

Moreover, the Court's Findings of Fact and Conclusions of Law in the '942 Case (ECF 310) after the second trial supports Compulife's intended reservation of rights recited in the judgment of dismissal. The Court made findings of fact specific to AWD such as "American Web Designers, Ltd. ("AWD") is owned by Binyomin Rutstein and is licensed as an insurance agency"; "Binyomin gave permission for David to use Binyomin's insurance license"; "In August 2011, David Rutstein used AWD to enter into an agreement with Brian McSweeney whereby for every lead Mr. McSweeney received that became a sale of an insurance policy, a "lead generation fee" was paid to AWD"; and "One Resource Group ("ORG") is a life insurance wholesaler that entered into an agreement with AWD dated March 24, 2014." The Court determined that the defendants' used AWD to collect the sales leads and commissions from

---

[1] As the Court noted at ECF No. 175 at n. 2: "More than three years has passed since the dismissal order so Rules 60(b)(1)-(3) are not available. *See* Fed. R. Civ. P. 60(c)(1)." It should also be noted that even at the time the Eleventh Circuit issued its order remanding the case for new trial on May 20, 2020, two years had already passed in this case. Thus, even if Compulife moved to set aside the judgment immediately after the appellate decision came down, this Court may have had to issue a stay or deny the motion since AWD's liability determination through Binyomin and David Rutstein remained unchanged.

using BeyondQuotes.com and NAAIP.org in misappropriating Compulife's trade secrets. Because the judgment of the '808 and '942 cases have determined that the Rutsteins are in fact liable for trade secret misappropriation, such judgment should be entered against AWD as intended by the parties' stipulation agreement.

Principles of fairness requires this Court to set aside the dismissal. Absent this Court's relief, AWD can still potentially be used by Binyomin and David Rutstein for their life insurance business.[2] Moreover, Compulife and AWD stipulated to the agreement permitted this case to be disposed of in AWD's favor after the first trial ended in favor of David Rutstein and Binyomin Rutstein. That stipulation permitted AWD to avoid a trial of this case. Now that the decision after the first trial was reversed, and the second trial ended in Compulife's favor against, that same stipulation cannot be given effect as intended for Compulife's right to reopen the case and enter judgment against AWD. See e.g., *Dominguez v. Circle K Stores, Inc.,* No. 11-23196-CIV, 2013 WL 4773629, at *6 (S.D. Fla. Sept. 4, 2013) (granting plaintiff's motion to set aside settlement agreement in part due to the fact that Plaintiff did not intend to forfeit her lifetime benefits in a related workers' compensation case in order to obtain the settlement award in her Fair Labor Standards Act case of lesser value).

Furthermore, Compulife is unable to file a new case against AWD on the same operative facts and claims due to the doctrine of *res judicata* since this dismissal is with prejudice. Thus, absent this Court's relief, Compulife will suffer hardship in overcoming the wrongdoings of the defendant Binyomin Rutstein and David Rutstein who have used AWD to procure life insurance

---

[2] In AWD's Response to the Court's Order to Show Cause (D.E. 170) as to why it did not file a response to Compulife's first Motion to Reopen the Case (DE 167), it stated that "Defendant, AMERICAN WEB DESIGNERS, LTD. ("AWD"), failed to timely respond to Plaintiff's Motion because AWD is not presently operating any business. As a result, resources were not available for AWD to respond to Plaintiff's Motion." However, AWD is still a validly licensed insurance agency.

quotes through misappropriation of Compulife's trade secrets. Moreover, an injustice will have been worked upon this Court in this case against AWD, without giving effect to its Final Judgment as to Binyomin and David Rutstein who control and own AWD. See *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Klapprott v. United States*, 335 U.S. 601, 615 (1949) ("Rule 60(b) has vested the district courts with the power 'to vacate judgments whenever such action is appropriate to accomplish justice.'").

Finally, Fed. R. Civ. P. 60(c) requires that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." This Rule 60(b) motion is being made within a reasonable time. The Court entered its Final Judgment and Permanent Injunction on October 20, 2021 in the companion cases at ECF No. 313. Although it has been four years since Judge Rosenberg's Order of Dismissal with Prejudice was entered in this case, Compulife attempted to reserve its right to reopen the case if such conditions occurred. In consideration that it has only been five months since the Court entered final judgment in the related companion cases, this motion to set aside the judgment should be considered timely.

### IV.     Conclusion

The Court should grant this motion, set aside the judgment of dismissal, reopen the case and enter judgment against AWD based on the Order entered July 21, 2021 in the '942 Case and '808 Case.

### V.     Certificate of Conferral S.D. Fla. L.R. 7.1(a)(3)

Prior to filing the motion to reopen the case, counsel for Compulife conferred with counsel for AWD who agreed that the case may be reopened but objected to the entry of a judgment against AWD based on *res judicata*.

Dated:  March 25, 2022					Respectfully submitted,

/s/ Layla T. Nguyen
LAYLA T. NGUYEN
Fla. Bar Number: 1024723
layla.nguyen@sriplaw.com
JOEL B. ROTHMAN
Fla. Bar Number:  98220
joel.rothman@sriplaw.com
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
(561) 404-4350 - Telephone
(561) 404-4353 - Facsimile

*Counsel for Plaintiff Compulife Software Inc.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on March 25, 2022, a true and correct copy of the foregoing document was sent via electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

/s/ Layla T. Nguyen
Layla T. Nguyen

## SERVICE LIST

Ms. Allison L. Friedman
Allison L. Friedman, P.A.
20533 Biscayne Boulevard
Suite 4-435
Miami, FL  33180
ralfriedman@hotmail.com

*Attorneys for American Web Designers Ltd.*