UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-CV-80499-RLR/BER

COMPULIFE SOFTWARE, INC.,

    Plaintiff,

v.

ONE RESOURCE GROUP CORP., et al.,

    Defendants.

_____

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT OF DISMISSAL PURSUANT TO RULE 60(b) (ECF No. 177)**

Currently before me is Plaintiff's motion to set aside a judgment of dismissal with prejudice that the Honorable Robin L. Rosenberg entered on March 26, 2018. This motion was referred to me by Judge Rosenberg for appropriate disposition. ECF No. 178. Defendant American Web Designers Ltd. (AWD) filed a response to the motion (ECF No. 180) and Plaintiff has filed a reply (ECF No. 184), so this matter is ripe for decision. For the reasons that follow, I RECOMMEND that Plaintiff's motion be DENIED.

**BACKGROUND**

The procedural history of this case and the two companion cases is set forth in my prior report and recommendation (ECF No. 175) and will not be repeated here. Suffice it to say, that the instant case was dismissed with prejudice by Judge Rosenberg on March 26, 2018, pursuant to Rule 41(a)(2). In her order dismissing

the case with prejudice, Judge Rosenberg did not adopt the parties' proposed language allowing Plaintiff to reopen the case if an appeal of the companion cases ultimately resulted in a judgment in Plaintiff's favor. ECF No. 147.

For more than three years after Judge Rosenberg issued the order of dismissal, Plaintiff did not take any action to revisit it. Then, on November 29, 2021, Plaintiff filed a motion to reopen this case. ECF No. 167. Given that Judge Rosenberg no longer had jurisdiction over this matter, the Court rejected Plaintiff's motion to reopen the case. ECF Nos. 175, 176. With the instant motion, Plaintiff pursues the only remedy available to it, namely, a Rule 60(b) motion to set aside the March 26, 2018 dismissal.

## DISCUSSION

A Rule 60(b) motion permits a court to "relieve a party" from a "final judgment" or "order" for a variety of reasons, including mistake, newly discovered evidence, fraud, or (under subsection (b)(6)) for "any other reason that justifies relief." *A&F Bahamas, LLC v. World Venture Grp., Inc.,* No. 15-60019-CIV, 2019 WL 1979427, at *2 (S.D. Fla. May 3, 2019) (quoting Fed. R. Civ. P. 60(b)). Relief under Rule 60(b)(6) is an "extraordinary remedy" and thus "extraordinary circumstances" are required to justify the reopening of a final judgment. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citations omitted).

In its motion, Plaintiff concedes that "Judge Rosenberg's Judgment of Dismissal did not expressly retain jurisdiction to enforce [Plaintiff's] reservation of rights to reopen the case and set aside the dismissal." ECF No. 177 at 8.

Nevertheless, Plaintiff contends that "[p]rinciples of fairness require[] this Court to set aside the dismissal" because it "was not the parties' intent" to end this case without Plaintiff' retaining the ability to reopen it. ECF No. 177 at 2, 11. Plaintiff argues that if the Court does not set aside the dismissal Plaintiff will be "unable to file a new case against AWD" and therefore Plaintiff will be prevented from "overcoming the wrongdoings of the defendant[s]" in the companion cases. ECF No. 177 at 11.

Moreover, Plaintiff contends that the "extended timing of the proceedings in this complex case" constitute "extraordinary circumstances" that warrant setting aside the dismissal. ECF No. 177 at 9. According to Plaintiff, "the timing of the judgments and appeals in this case resulted in [Plaintiff's] delay in moving to set aside the judgment of dismissal." ECF No. 177 at 10.[1] Plaintiff attempts to ameliorate its failure to timely move for relief from the order of dismissal by arguing that on June 8, 2020, it "promptly notified the Court" that the Eleventh Circuit had reversed the judgment in the defendants' favor in the companion cases and remanded them for a re-trial. ECF No. 177 at 2 (citing ECF No. 166). According to Plaintiff, it "did not move the court [to set aside the dismissal in this case] at that time to avoid wasting resources and permit the new trial [in the companion cases] to proceed." ECF No. 177 at 2.

---

[1] Notably, the "extended timing" Plaintiff refers to existed in the companion cases, not in this case.

First, I find that Plaintiff's current motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Courts consider whether there has been a lengthy delay before the filing of a Rule 60(b)(6) motion, because "the longer the delay the more intrusive is the effort to upset the finality of the judgment." *Flexiteek Americas, Inc. v. PlasTEAK, Inc.*, No. 08-60996-CIV, 2012 WL 5364263, at *7 (S.D. Fla. Sept. 10, 2012), report and recommendation adopted as modified, No. 08-60996-CIV, 2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) (quoting *Ritter v. Smith*, 811 F.2d 1398, 1402 (11th Cir. 1987)). Although the principle of finality "standing alone" is insufficient to "thwart Rule 60(b)(6) relief" (*Flexiteek,* at *16 (citations omitted)), I find that the circumstances present here -- specifically, the unwarranted delay of more than three years -- are sufficient to deny the relief Plaintiff seeks. *See A&F Bahamas,* 2019 WL 1979427 at *2 (the filing a Rule 60(b)(6) motion eleven months after learning of the "purported grounds for relief" was "unreasonable"). The difference between Judge Rosenberg's order and the parties' proposed order was readily apparent in March 2018. Nothing prevented Plaintiff from acting sooner. Therefore, Plaintiff's failure to timely seek relief is fatal.

Second, and in the alternative, I reject Plaintiff's argument that the prolonged proceedings in the companion cases satisfy the "extraordinary circumstances" requirement of Rule 60(b)(6). Even though the proceedings in the companion cases spanned several years, the only relevant period for purposes of Plaintiff's Rule 60(b) motion is the time immediately following the entry of Judge

Rosenberg's order of dismissal with prejudice. It may not have been the parties' intent to end this case without Plaintiff retaining the right to reopen it, but that was Judge Rosenberg's intent. Her dismissal order made that fact clear. If, upon receiving the dismissal order, Plaintiff was dissatisfied with Judge Rosenberg's conclusion, it was incumbent on Plaintiff to seek relief under Rule 60(b) "within a reasonable time." Nothing about the ongoing companion litigation posed a factual or legal barrier to Plaintiff seeking this relief.

In sum, Plaintiff learned of the grounds for filing its Rule 60(b) motion when it received a copy of Judge Rosenberg's order of dismissal on March 26, 2018. On that date Plaintiff was put on notice that Judge Rosenberg had declined to adopt the proposed language permitting Plaintiff to reopen the case. Plaintiff's delay of almost four years before moving to set aside the dismissal order is not reasonable or justified. Although "principles of fairness" may provide a compelling basis to disrupt a years-old dismissal order when the movant was faultless, here, the facts do not support such a finding. *See Amado v. Microsoft Corp.,* 517 F.3d 1353, 1363 (Fed. Cir. 2008) ("In order to obtain relief [under Rule 60(b)(6)], the moving party must demonstrate 'extraordinary circumstances' suggesting the party is faultless in the delay.") (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable."))

## **REPORT AND RECOMMENDATION**

For the foregoing reasons, I RECOMMEND that Plaintiff's motion to set aside the judgment of dismissal with prejudice (ECF No. 177) be DENIED.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. If a party does not intend to object to this Report and Recommendation, they shall file a Notice to that effect within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of May 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE